# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN DALE STORIE, as parent and next friend of H.N.S., a minor, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-11-108-SPS ) |
| INDEPENDENT SCHOOL DISTRICT, #13, PUSHMATAHA COUNTY, OKLAHOMA, a.k.a. ANTLERS INDEPENDENT SCHOOL DISTRICT, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

This matter comes before the Court on a Motion to Dismiss and Brief in Support [Docket No. 13] pursuant to Fed. R. of Civ. P. 12(b)(6), filed by Defendants Independent School District No. 13, Pushmataha County, Oklahoma (Antlers Independent School District); Pam Matthews, Principal of Obuch Middle School; and Mark Virden, Superintendent of Antlers Independent School District (together, "Defendants"). Defendants challenge the Plaintiff's Petition [Docket No. 2, Ex. 1] under Rule 12(b)(6) for failing to allege sufficient facts to state a claim upon which relief may be granted. For the reasons set forth below, the Defendant's Motion to Dismiss is hereby GRANTED.

Plaintiffs Sean and Melody Storie filed this action in Oklahoma state court as parent and next friend of their daughter, H. N. S. They alleged that Defendants violated

their daughter's Fourteenth Amendment and Oklahoma constitutional rights when the school district suspended her and placed her in an alternative education setting for the remainder of the Spring 2011 semester for taking unauthorized medication[1] on school property.  Defendants removed the case to this Court, and have filed this Motion to Dismiss.  As an initial matter, Plaintiffs have agreed to dismiss Defendant Virden as a party to this case, to dismiss their claims under the Oklahoma Constitution, and to dismiss their request for injunctive relief.  Accordingly, the Court will address only the remaining issues and claims.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[1] The school district originally suspended H.N.S. for accepting prescription drugs on school property, but H.N.S. contended in her Petition—and Defendants now agree—that she accepted a non-prescription drug, *i. e.* an Excedrin tablet, from another student on school property. *See* Petition, Docket No. 2, Ex. 1 at ¶¶ 8-10; Motion to Dismiss, Docket No. 13 at 3-4. The classification of the drug accepted by H.N.S is irrelevant to the disposition of the pending Motion to Dismiss.

face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

First, Defendant Matthews argues that the official-capacity claims against her are duplicative because Plaintiffs have also named the school district in their suit. Plaintiffs acknowledge that they can only recover once from the school district, but argue that dismissal is not required. The Court finds that Plaintiffs' claims against Defendant Matthews in her official capacity are redundant and therefore dismissed. *See D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227 (10th Cir. 2004) ("The district court . . . dismissed the claims against the school-board members as redundant because of the District's presence as a defendant . . ."); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all other respects other than name, to be treated as a suit against the entity.") [citation omitted]

Second, "[a] plaintiff must allege a deprivation of a sufficient property or liberty interest to invoke the protection of the Due Process Clause of the Fifth Amendment." *Seamons v. Snow*, 84 F.3d 1226, 1234 (10th Cir. 1996), *citing Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Defendants therefore argue that the Plaintiffs have not alleged a procedural due process violation because Plaintiffs merely alleged damage to their daughter's reputation. *See Seamons v. Snow*, 84 F.3d 1226, 1235 (10th Cir. 1996)

("Furthermore, to the extent Brian was deprived of his reputation or standing in the community as a result of Defendant's conduct, he still fails to state a procedural due process claim. The Supreme Court [has] concluded that damage to an individual's reputation alone, apart from some more tangible interest, is not enough to establish a due process violation."), *citing Paul v. Davis*, 424 U.S. 693, 701 (1976). Plaintiffs contend that this claim *does* allege more than just damage to their daughter's reputation because the complaint also alleged that their daughter's education at the alternative school was not commensurate with the regular middle school, and that their daughter was denied the right to participate in her eighth grade graduation ceremony. Contrary to Plaintiff's assertions, neither denial of participation in a graduation ceremony nor failure to provide a particular curriculum is a constitutional violation. *See Seamons*, 84 F.3d at 1234-35 (upholding dismissal of plaintiff's § 1983 claims because, "[w]ith regard to the specific components of education which Brian claims were lost (*e.g.*, the right to participate in sports, to take advanced placement classes, and to attend a particular school), we do not believe that Brian has a constitutional right to those particular incidents of education."); *see also Nevares v. San Marcos Consol. Independent School Dist.*, 111 F.3d 25, 27 (5th Cir. 1997) ("We have previously held that no protected property interest is implicated in a school's denial to offer a student a particular curriculum."), *citing Arundar v. DeKalb Cty. School Dist.*, 620 F.2d 493 (5th Cir. 1980); *Smith v. N. Babylon Union Free School Dist.*, 844 F.2d 90, 94 (2d Cir. 1988) (a plaintiff's interest in attending a graduation ceremony is not constitutionally protected); *Khan v. Fort Bend Ind. School Dist.*, 561 F. Supp. 2d 760, 764 (S.D. Tex. 2008) ("[T]he United States Constitution's due process

guarantees do not protect a student's interest in participating in extracurricular activities, such as a graduation ceremony."). *But see Riggan v. Midland Ind. School Dist.*, 86 F. Supp. 2d 647, 655 (W.D. Tex. 2000) ("When assignment to an alternate education program effectively acts as an exclusion from the educational process, due process rights *may be* implicated.") [emphasis added].

Plaintiffs also alleged in their Petition that their daughter was denied a hearing on her suspension, but conceded in their Response to Defendants' Motion to Dismiss [Docket No. 14] that a hearing was subsequently held on April 11, 2011. They contend that 70 Okla. Stat. § 24-101.3 (2009 Supp.) nevertheless "clearly" provides a timeframe for a school to provide a post-suspension hearing; however, they do not state what that timeframe is, and a review of the applicable statute is equally unrevealing. Regardless, a violation of state law does not state a Constitutional due process claim. *Nordlinger v. Hahn*, 505 U.S. 1, 26 (1992). Accordingly, Plaintiffs have failed to allege a constitutionally protectable property or liberty interest.

Third, Plaintiff's claim that Defendants violated their daughter's substantive Due Process rights because (i) they denied her the right to a public education, and (ii) her suspension and placement in the alternative school environment was not narrowly tailored to serve a legitimate government interest. But this Court "will uphold a school's decision to suspend a student in the face of a substantive due process challenge if the decision is not arbitrary, lacking a rational basis, or shocking to the conscience of federal judges." *Butler v. Rio Rancho Public Schools Bd. of Educ.*, 341 F.3d 1197, 1200-01 & n.4 (10th Cir. 2003). "[T]he Court has repeatedly emphasized the need for affirming the

comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." *Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 507 (1969). Schools have a legitimate interest in protecting their students from the proliferation of any kind of medication on school property. Accordingly, this Court finds that Defendants' decision to suspend H.N.S. and subsequently place her in an alternative school program when she should have known that taking medication of any kind from another student was a violation of school policy is not a substantive due process violation. *See Butler*, 341 F.3d at 1201 (no substantive due process violation where school suspended a student who "should have known" he was bringing a weapon (knife) onto school property in violation of school policy; reversing and remanding the district court's order denying motion to dismiss the Plaintiff's substantive due process claims); *see also Wood v. Strickland*, 420 U.S. 308, 326 (1975) ("It is not the role of the federal courts to set aside decisions of school administrators which the court may view as *lacking a basis in wisdom or compassion*.") [emphasis added].

Last, the Constitution's Equal Protection clause is implicated "when the state treats two groups, or individuals, differently." *KT & G Corp. v. Attorney General of State of Okla.*, 535 F.3d 1114, 1136 (10th Cir. 2008) [quotation omitted]. Here, Plaintiffs allege that that Defendants' actions against their daughter were arbitrary and capricious because another male student was not suspended after having ingested prescription medication in violation of school regulations. "To succeed on an equal protection claim as a 'class of one,' a party must demonstrate that (1) it has been intentionally treated

differently than those similarly situated, and (2) the difference in treatment was objectively irrational and abusive." *Rocky Mountain Rogues, Inc. v. Town of Alpine*, 375 Fed. Appx. 887, 895-96 (10th Cir. 2010) [internal citations omitted]. "The Supreme Court . . . has recognized equal protection claims brought by a 'class of one, where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 848-49 (10th Cir. 2005), *citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564. Although not all Circuits agree, the Tenth Circuit appears to require an Equal Protection claim to allege some level of animosity, or "ill will." *See Mimics*, 394 F.3d at 849 ("To succeed on such an equal protection claim, the Wildgrubes must prove that they were 'singled out for persecution due to some animosity,' meaning that the actions of Hasford were a 'spiteful effort to get [the Wildgrubes] for reasons wholly unrelated to any legitimate state activity.") [citation omitted]. *But see Christian Heritage Academy v. Oklahoma Secondary School Activities Ass'n*, 483 F.3d 1025, 1043 & n.3 (10th Cir. 2007) (McConnell, J., concurring in part and dissenting in part) (discussing Circuit split as to requirement of "ill will"; collecting cases). Because Plaintiffs did not allege that the unequal treatment of their daughter was based on animosity or "ill will," Plaintiffs' Equal Protection claim also fails.

The Plaintiff's Complaint must therefore be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Consequently, IT IS ORDERED that the Motion to Dismiss and Brief in Support [Docket No. 13] filed by Defendants Independent School District No. 13, Pushmataha County, Oklahoma; Pam Matthews; and Mark Virden is

hereby GRANTED, and the Plaintiffs' Complaint is hereby DISMISSED. Plaintiffs shall have fourteen days to amend their complaint to plead plausible claims under the Fourteenth Amendment.

**IT IS SO ORDERED** this 23rd day of August, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma